[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Derrice McCoy appeals the thirty-nine-year term of imprisonment imposed by the trial court pursuant to the mandate for resentencing issued by this court in State v. McCoy (Nov. 9, 2001), 1st Dist. Nos. C-000659 and C-000660. As the trial court gave reasons that supported its findings, and as those findings were supported by evidence in the record, the imposition of sentence is affirmed.
Upon remand, the trial court again sentenced McCoy to the maximum terms of imprisonment of eight years for trafficking in marijuana in proximity to a school and five years for possession of marijuana, for the offenses charged in the indictment numbered B-0003366; and ten years for possession of crack cocaine, five years for possession of marijuana, and one year for having a weapon while under a disability, for offenses charged in the indictment numbered B-9907916. The court also imposed an additional ten-year term of imprisonment for the major-drug-offender specification and ordered that all sentences be served consecutively.
In a single assignment of error, McCoy claims that the trial court erred in (1) imposing the additional ten-year term for the major-drug-offender specification, (2) imposing a prison term for the weapon-under-a-disability offense, and (3) making the sentences consecutive. See R.C. 2953.08(A)(1), 2953.08(A)(2), 2953.08(A)(4), and2953.08(A)(6).
McCoy first contests the trial court's imposition of an additional prison term of ten years upon the jury's verdict finding him guilty of possession of crack cocaine in excess of one hundred grams — the major-drug-offender specification. The additional term was appropriate, if the court, with respect to the term imposed for the underlying offense, found that the term imposed was inadequate to punish the offender and to protect the public from future crime and was demeaning to the seriousness of the offense, in light of the recidivism and seriousness factors listed in R.C. 2929.12. See R.C. 2929.14(D)(3)(b) and2929.14(D)(2)(b)(i) and (ii).
In its felony-sentencing worksheet and in the sentencing hearing, the trial court made the statutory findings required in R.C. 2929.14(D), and the findings relative to the risk of recidivism, including prior juvenile delinquencies or convictions, an unsuccessful probation or parole, lack of remorse, and two prior prison incarcerations, and findings relative to the seriousness of the offense, including that the offense was committed for hire or as part of an organized criminal activity. Therefore, the trial court's imposition of an additional prison term was not contrary to law. See R.C. 2953.08(G)(2)(b).
McCoy next claims that the trial court erred in imposing a maximum prison term for the weapon-under-a-disability offense. See R.C.2953.08(A)(1)(b). The sentence was neither contrary to law nor unsupported by the record, as the trial court noted on its sentencing worksheet and stated at the sentencing hearing that McCoy had previously served a prison term and had committed the offense while engaged in an organized criminal activity, that a prison term was consistent with the purposes and principles of sentencing, and that McCoy was not amenable to a community-control sanction in light of his previous failed probations or paroles. See R.C. 2953.08(G)(2)(a) and (b).
McCoy's final contention, that the trial court erred in imposed consecutive sentences pursuant to R.C. 2929.14(E), also fails. A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public. See id. Additionally, the court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense, (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct, or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him. When imposing consecutive sentences, the trial court must, pursuant to R.C. 2929.19(B)(2), make the appropriate findings and provide its reasons for imposing consecutive sentences.
Here, the trial court made the required findings and gave reasons that supported those findings, first noting that a mandatory sentence was required for the major-drug-offender specification. See State v.Edmondson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131. The court then noted on its sentencing worksheet and stated at the sentencing hearing that McCoy's criminal history demonstrated a need to protect the public, identifying his two previous prison terms and the large amount of illegal drugs involved in these offenses to justify the imposition of consecutive sentences. See State v. Riley, 1st Dist. No. C-010221, 2001-Ohio-4029, appeal not allowed (2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037. The claim that the trial court's findings and reasons were insufficient to impose consecutive sentences is simply not supported by the record. See R.C.2953.08(G)(2). The assignment of error is overruled.
Therefore, the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.